OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Jason Johnston, appeals the decision of the Columbiana County Court of Common Pleas that denied his pre-sentence motion to withdraw his guilty plea. However, Johnston has failed to demonstrate any reason for withdrawing his plea other than a change of heart on his part. Since this is an insufficient basis for withdrawing a guilty plea, the trial court's decision is affirmed.
 {¶ 2} On January 27, 2006, Johnston was indicted by the Columbiana County Grand Jury for one count of rape in violation of R.C.2907.02(A)(1)(b) and one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). At his arraignment, Johnston was represented by counsel and pled not guilty. The parties exchanged discovery, but Johnston did not receive any medical records and, on June 1, 2006, he moved to compel the production of certain medical records. Also, Johnston moved to suppress a statement he made to the police on May 19, 2006.
 {¶ 3} The parties engaged in plea negotiations, resulting in a plea agreement which Johnston entered into on June 5, 2006. Pursuant to that agreement, Johnston would plead guilty to one count of sexual battery and one count of unlawful sexual conduct with a minor. In exchange, the State would nolle the rape count. The State would also recommend that Johnston be sentenced to the maximum five year prison sentence on each count and that these sentences would be served concurrently. The trial court held a change of plea hearing that day and, at the conclusion of that hearing, accepted Johnston's guilty plea. The trial court ordered that a pre-sentence investigation be conducted and set the matter for sentencing on September 1, 2006.
 {¶ 4} After he pled guilty, Johnston retained new counsel and, after consulting with that counsel, moved to withdraw his plea on July 31, 2006. The trial court heard the motion on September 1, 2006, and continued the matter until September 29, 2006, so that Johnston's former counsel could testify. On October 6, 2006, the trial court denied *Page 3 
Johnston's motion to withdraw his guilty plea. The matter was then set for sentencing. On November 3, 2006, the trial court sentenced Johnston to the maximum of five years on each count and ordered that these sentences be served concurrently.
 {¶ 5} Johnston's sole assignment of error on appeal argues:
 {¶ 6} "The trial court erred to the prejudice of Appellant when the court denied Appellant's presentence motion to withdraw his plea of guilty."
 {¶ 7} Crim.R. 32.1 allows a criminal defendant to move to withdraw a guilty plea before a sentence is imposed upon him. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted."State v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, he is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 8} This court has previously said that "the factors that are weighed in considering a presentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Cuthbertson, 139 Ohio App.3d 895, 898-899,2000-Ohio-2638. No one of these factors is conclusive. Id. at 899. When looking at the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." State v. Kramer, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58.
 {¶ 9} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."Xie at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is "unreasonable, arbitrary or *Page 4 
unconscionable," which is "more than an error of judgment." Id. at 527.
 {¶ 10} Johnston contends that the trial court erred when it concluded that the State would be prejudiced if he withdrew his plea. However, the facts of this case show that the victim is a reluctant witness who has refused to cooperate with the State after she discovered that Johnston had moved to withdraw his guilty plea. We have previously held that a victim's reluctance to testify can be a fact which prejudices the State. For instance, in State v. Banks, 7th Dist. No. 05-MA-95, 2006-Ohio-0892, the defendant moved to withdraw his guilty plea prior to sentencing. This court reviewed the record and concluded:
 {¶ 11} "The state would be prejudiced by the withdrawal of appellant's guilty plea. After reviewing the transcript of the Crim.R. 11 hearing and the hearing on appellant's motion to withdraw his guilty plea, it is apparent that the two alleged victims, McElroy and Rivera, were reluctant witnesses. Now, given the substantial passage of time, it is apparent that these witnesses would be even more reluctant to testify." Id. at ¶ 19.
 {¶ 12} In this case, the evidence shows that the victim is reluctant to testify, a reluctance which is exacerbated by Johnston's attempt to withdraw his guilty plea. Her refusal to cooperate with the prosecution, including a stated threat to be held in contempt rather than appear in court, clearly prejudices the State's ability to prosecute Johnston. Johnston's arguments to the contrary are meritless.
 {¶ 13} Johnston next argues that his attorney was ineffective when counseling him over whether he should accept the State's plea offer. Johnston contends that his counsel did not did not give him the opportunity to review the evidence against him and advised him to plead guilty before receiving all the evidence from the State to which Johnston was entitled. Johnston further argues that his counsel was ineffective for hiring neither a medical expert to review the medical evidence nor a private investigator. These arguments are all meritless.
 {¶ 14} Although Johnston contends that his counsel did not give him the opportunity to review the evidence against him, Johnston's testimony on this issue is directly contradicted by the testimony of his former counsel. Johnston's counsel stated *Page 5 
that Johnston's allegation that he did not get a chance to review the evidence was "not true." According to counsel, he gave Johnston any information he received shortly after he received it. "[T] he trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their demeanor, gestures, and attitude." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Accordingly, we must defer to the trial court's findings in this regard. Id.
 {¶ 15} Furthermore Johnston has failed to demonstrate how counsel's other failure, the alleged failure to fully investigate Johnston's defenses prior to advising him to plead guilty, actually prejudiced Johnston. Johnston testified that he retained new counsel after pleading guilty and that his new counsel told him that he had "a shot" at being acquitted on the charges at trial. Johnston admitted that he had not discovered any new witnesses and was just relying on the "second opinion" given on his chances at trial by his new trial counsel. Furthermore, Johnston did not place any of the evidence which was provided to him after he pled into the record, so it is impossible to independently determine the effect this evidence may have had on the issue at trial.
 {¶ 16} The Fourth District faced a similar situation in State v.Powers, 4th Dist. No. 03CA21, 2004-Ohio-2720. In that case, the defendant was arguing that his counsel was ineffective for failing to call certain witnesses and investigate certain facts prior to advising the defendant to plead guilty. However, the defendant did not provide the court with proof of his claims.
 {¶ 17} "Powers failed to submit any evidence to the trial court other than his own, broad, self-serving testimony that there were potential witnesses whose testimony would have aided his defense had his former attorneys subpoenaed them to testify at trial. Thus, he failed to demonstrate that his former attorneys' representation was inadequate as a result of their failure to subpoena witnesses to testify on his behalf." Id. at ¶ 15.
 {¶ 18} In this case, there is nothing in the record, other than Johnston's own self-serving statements, which indicates that any of the investigative tactics which his counsel did not pursue would have assisted in Johnston's defense in any way. Accordingly, we cannot conclude that it was unreasonable for the trial court to conclude that counsel *Page 6 
effectively and adequately represented Johnston's interests.
 {¶ 19} Johnston concedes both that the trial court "conducted an extensive hearing prior to accepting Appellant's plea of guilty" and that it held a full hearing on Johnston's motion to withdraw his guilty plea. However, he argues that the trial court failed to fully consider the evidence he introduced at the plea withdrawal hearing.
 {¶ 20} Johnston first argues that the trial court failed to consider the importance of the evidence which was only provided to the defense after he pled guilty. However, as stated above, this evidence was not submitted at the hearing, effectively preventing the trial court from being able to judge its importance. Thus, this does not form a basis for allowing Johnston to withdraw his guilty plea.
 {¶ 21} Johnston next argues that the trial court did not fully consider the evidence he introduced showing that he did not fully understand the ramifications of agreeing to a jointly recommended sentence. Johnston testified that he understood that he was agreeing to a jointly recommended five-year sentence, but did not understand that he did not have the right to appeal this sentence. Furthermore, he testified that counsel told him that he may be able to reduce the sentence.
 {¶ 22} "When I had signed the papers he told me it's for five years, but if he could get it down to anything less then he could get me out within six months under the judicial release."
 {¶ 23} What this evidence tends to show is that the defense did not, in fact, contemplate that the sentence recommended by the prosecutor would be a jointly recommended sentence. An actual copy of that agreement is not in the record before this court. Johnston has attached a copy of that agreement to his appellate brief as an exhibit. However, exhibits attached to an appellate brief are not part of the record and cannot be considered on appeal. State v. McDowell, 150 Ohio App.3d 413,2002-Ohio-6712, at ¶ 9.
 {¶ 24} It appears obvious that Johnston did not think he was agreeing to the prosecutor's recommended sentence. Instead, it appears that Johnston anticipated that he could and would argue for a lower sentence at his sentencing hearing. Furthermore, the trial court never specifically asked Johnston at the change of plea hearing whether he *Page 7 
understood that he was agreeing to a jointly recommended sentence. Instead, it ensured that Johnston understood that it was not a party to the agreement and was not bound by its recommendations.
 {¶ 25} Johnston's argument is that he did not understand the ramifications of agreeing to a jointly recommended sentence. However, at the conclusion of the plea withdrawal hearing, it is not at all clear that Johnston actually agreed to a jointly recommended sentence. Importantly, the trial court's findings of fact in its entry denying Johnston's motion to withdraw his plea note that the prosecutor would recommend a sentence as part of the plea agreement, but do not state that Johnston would agree to that recommendation. Thus, Johnston's argument in this regard is based upon a flawed premise.
 {¶ 26} Of course, in its sentencing entry, the trial court eventually concluded that there was, in fact, a jointly recommended sentence. However, the record does not contain a transcript of the sentencing hearing and it is possible that Johnston agreed to the recommended sentence there, even if he had not agreed to it previously. There are reasons why such an action would have been in his interests. For instance, at the end of the plea hearing, the trial court had yet to review Johnston's pre-sentence investigation report. The facts in that report may have influenced the court to sentence Johnston to maximum, consecutive sentences, rather than maximum, concurrent sentences. Depending on the information in this report, Johnston may have felt it was in his interest at sentencing to jointly recommend a sentence, even though he may not have felt it was in his interest to do so earlier in the litigation.
 {¶ 27} In conclusion, we cannot conclude that the trial court failed to consider whether Johnston understood the effect of a jointly recommended sentence since it was unclear whether Johnston had actually agreed to a jointly recommended sentence.
 {¶ 28} Johnston next argues that he moved to withdraw his guilty plea in a timely fashion. The State disagrees, noting that Johnston's plea was filed fifty-six days after he pled guilty and only thirty-two days prior to sentencing. The trial court did not specifically state whether it thought Johnston brought his motion in a timely manner and this issue did *Page 8 
not appear to inform the trial court's decision. Moreover, the motion was brought within a reasonable time after Johnston obtained new counsel.
 {¶ 29} Johnston maintains that he had viable reasons for bringing the motion, a claim that the State does not directly deny. For example, he claims that his attorney was ineffective when counseling him on whether to accept the plea agreement, that he did not understand the nature of a jointly recommended sentence, and that he was actually innocent of and had a defense to the charges brought against him. As stated above, Johnston failed to prove any of these reasons at the plea withdrawal hearing. Nevertheless, these are valid reasons for withdrawing a guilty plea.
 {¶ 30} Finally, Johnston failed to demonstrate that he had a valid defense to the charges against him. This is mitigated by the fact that some of his complaints deal with trial counsel's failure to pursue lines of inquiry which could produce such a defense. However, it is not a factor which weighs strongly in favor of granting the motion to withdraw the guilty plea.
 {¶ 31} When all of these factors are reviewed as a whole, we must conclude that the trial court did not abuse its discretion when it denied Johnston's motion to withdraw his guilty plea. He had a full and comprehensive hearing when pleading guilty. His counsel adequately advised him prior to that plea. There is no evidence discovered after that plea which Johnston can point to which would tend to prove his innocence at trial.
 {¶ 32} Fundamentally, it appears that Johnston had a change of heart regarding his decision to plead guilty after he retained new counsel. We have held that a mere change of heart is an insufficient basis for withdrawing a guilty plea. State v. Kramer, 7th Dist. No. 01 CA 107, 2002-Ohio-4176, at ¶ 50. Thus, the trial court did not abuse its discretion when denying Johnston's motion to withdraw his guilty plea. Accordingly, Johnston's sole assignment of error is meritless and the judgment of the trial court is affirmed.
 Vukovich, J., Waite, J., concurs. *Page 1