[Cite as *State v. Perez*, 2013-Ohio-3587.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 110 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LUIS S. PEREZ, SR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 10 CR 809

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:      Atty. Ronald D. Yarwood
DeGenova & Yarwood, Ltd.
42 North Phelps St.
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: August 14, 2013

WAITE, J.

{¶1} Appellant Luis S. Perez, Sr., appeals the decision of the Mahoning County Court of Common Pleas denying his pre-sentence motion to withdraw a guilty plea. Appellant pleaded guilty to one count of felonious assault and two counts of harassment with a bodily substance, both felonies. At the sentencing hearing, and after the state had made its recommendation of an eight-year prison term, Appellant announced that he wanted to withdraw his plea and fire his attorney. He claimed the prosecutor was lying and withholding evidence, that he feared for his life, he was not permitted to see his family, mail was being withheld from him, that he was innocent, and that his attorney failed to share evidence with him. The court reviewed the original plea with Appellant and his objections to the plea, and held a colloquy to determine whether the plea was knowingly, voluntarily, and intelligently made. The court then overruled Appellant's oral motion to withdraw his plea and sentenced him to eight years in prison.

{¶2} Appellant argues that a pre-sentence motion to withdraw a plea should be freely granted. Appellant submits that the court did not review the factors found in *State v. Cuthbertson*, 139 Ohio App.3d 895, 746 N.E.2d 197 (7th Dist.2000) relevant to a pre-sentence motion to withdraw a plea. Appellant contends that the most important factor is that the state will not be prejudiced by the withdrawal of the plea. He also argues that he should have been assigned other counsel after he objected to his own counsel's representation, that the hearing regarding his request to withdraw his plea was inadequate and that the court ignored his declaration of innocence. Appellant cites only to the factors found in *Cuthbertson* to support his argument. A

pre-sentence motion to withdraw a plea is reviewed for abuse of discretion, and there is no absolute right to withdraw a plea prior to sentencing. Contrary to Appellant's contentions, no one factor is conclusive in determining whether an abuse of discretion has taken place. The trial court reviewed Appellant's objections and found them to be baseless. It is apparent from the record that Appellant had a full and fair plea hearing, was well represented throughout the process, understood the charges and the potential penalties, has no defense to the charges, and raised his objections to the plea at the very last moment after the state made its sentencing recommendation. Although there are factors that weigh in Appellant's favor, these do not dictate that the court abused its discretion in denying the oral motion to withdraw the plea, and the judgment of the trial court is affirmed.

<u>History of the Case</u>

**{¶3}** On May 16, 2011, Appellant pleaded guilty to felonious assault against a peace officer, R.C. 2903.11(A)(1), (D), a first degree felony; and two counts of harassment with a bodily substance, R.C. 2921.39(C), (D), third degree felonies. The charges arose after Appellant, while in jail on other charges, attacked Mahoning County Sheriff's Deputy Michael Watters, causing serious injuries. Appellant, who is HIV-positive, also flung his blood at Deputies Trevor Sumption and Michael Taylor during the altercation.

**{¶4}** At 8:30 p.m. on July 22, 2010, Appellant was serving a one-day sentence at the Mahoning County Justice Center. (6/27/11 Tr., p. 3.) Deputy Watters was working security that evening in the pod where Appellant was being held. A nurse arrived to distribute medications to the 49 inmates in the pod.

Appellant approached and asked for medication. He was told there was nothing for him on the cart. He became verbally abusive. He was told to return to his cell, but he refused. He sat down at the deputy's desk in a restricted area and ignored the deputy's orders. Watters sprayed pepper spray on Appellant. Appellant attacked Watters, jumping on the deputy, beating him repeatedly with his fists, and slamming his head on the bars of a jail cell. No other inmates participated in the attack. Watters blacked out from the attack. Deputies Sumption and Taylor arrived to assist. They transported Appellant to the disciplinary pod. While transporting him, Appellant was noncompliant, pushing against the deputies and refusing to walk. He was ordered to kneel down in front of his bunk. He was bleeding from the head, and while kneeling, whipped his head around to fling blood on the deputies while at the same time telling them he had AIDS. Appellant is HIV-positive and had received medication for that condition while in jail. Appellant succeeded in getting blood on Deputy Sumption. Deputy Watters was badly injured and missed six months of work after the incident. He sustained injuries to his knees, ankles, wrists and head. (6/27/11 Tr., pp. 3-6.) Watters continued to suffer pain almost a year after the incident at the time of sentencing.

{¶5} On May 16, 2011, Appellant entered a guilty plea to the charges in exchange for a recommendation from the prosecutor of an eight-year prison term. The maximum potential prison term in this case was 20 years. Appellant was represented by counsel at the hearing, the court reviewed all the rights that Appellant was waiving by entering a guilty plea, Appellant and his counsel agreed that he had understood his rights and agreed to the terms of the plea agreement, and the court

stated on the record that he would not impose more than an eight-year prison term. (5/16/11 Tr., p. 8.) Appellant stated that he had not been threatened or promised anything, other than what was discussed in court at the hearing, to influence his decision to enter into the plea. (5/16/11 Tr., p. 12.) Appellant gave no indication that he was innocent, he had a problem with the quality of his representation, or that he was in fear for any reason leading up to the plea hearing. The court accepted the guilty plea, and sentencing was scheduled for June 27, 2011.

{¶6} At the sentencing hearing, soon after the prosecutor recommended an eight-year prison term and immediately before the court was to view a video recording of the attack, Appellant interrupted and said that he wanted to withdraw his plea and fire his lawyer. (6/27/11 Tr., p. 7.) He claimed that he was in fear for his life, that the prosecutor was lying and withholding evidence, and that he was not getting a fair trial in court. He also stated that mail was being withheld from him, and he was denied visitation with his family. He alleged that he had sought to take the case to trial from the start, and that his lawyer did not know what was going on and refused to share evidence with him. The court questioned counsel, who stated that he had shared all discovery with his client, had discussed the video extensively, and had no idea what threats Appellant was talking about. Appellant admitted that he committed the crimes, but also inexplicably stated that he was innocent. (6/27/11 Tr., pp. 10, 13.) The court, after reviewing Appellant's reasons for seeking to withdraw the plea, denied the motion and continued with sentencing. (6/27/11 Tr., p. 14.)

**{¶7}** The court reviewed the video recording of the attack. The prosecutor stated that there were recorded calls from the jail in which Appellant can be heard bragging about the assault.

**{¶8}** The record reflects that Appellant had a number of prior convictions involving violence, including assault convictions in 1993 and 2008, resisting arrest in 2006, and assault and criminal damaging in 2009. He also had a history of noncompliance while being incarcerated, and has had a very similar incident in which he became verbally abusive after being refused medications, refused to obey the orders of the deputies, and was disciplined for the outburst in 2009. Counsel and Appellant both presented lengthy arguments presenting mitigating circumstances. (6/27/11 Tr., pp. 22-39.) The court then sentenced Appellant to eight years in prison for felonious assault on a peace officer, and five years in prison on each count of harassment with a bodily substance, all to be served concurrently. The court's sentencing entry was filed on July 6, 2011. Appellant filed his appeal on June 18, 2012. He filed a motion for delayed appeal pursuant to App.R. 5 along with his notice of appeal. We granted the motion for delayed appeal on July 9, 2012, and appellate counsel was appointed.

<u>ASSIGNMENT OF ERROR</u>

The trial court abused its discretion in denying Appellant's pre-sentence motion to vacate his plea thereby requiring reversal.

**{¶9}** In Appellant's sole assignment of error he asserts that the trial court abused its discretion in denying the pre-sentence motion to withdraw a plea. The

parties agree on the law relevant to a pre-sentence motion to withdraw a plea. Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The rule specifically allows for a postsentence motion to withdraw a plea, but gives no guidelines for deciding a pre-sentence motion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Nevertheless, it is generally agreed that a pre-sentence motion to withdraw a plea is permissible within the trial court's sound discretion. *Id.* at 526. A mere error in judgment does not constitute an abuse of discretion. "Abuse of discretion" means that the decision was unreasonable, arbitrary, or unconscionable. *Id.* The good faith, credibility, and weight of the movant's assertions in support of the motion are primarily questions for the trial court. *State v. Vari*, 7th Dist. No. 07MA142, 2010-Ohio-1300, ¶78; *State v. Reed*, 7th Dist. No. 04 MA 236, 2005-Ohio-2925, ¶7.

{¶10} It is usually noted that a pre-sentence motion to withdraw a guilty plea shall be freely and liberally granted. *Xie* at 527. However, the standard of review continues to be abuse of discretion. A defendant has no absolute right to withdraw a guilty plea prior to sentencing. *Xie*, paragraph one of the syllabus; *accord*, *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008-Ohio-1065, ¶28. In making its determination, the trial court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Xie* at 527. We have often held that mere change of heart forms an insufficient basis on which to withdraw a guilty plea. *State*

*v. Johnston*, 7th Dist. No. 06CO64, 2007-Ohio-4620, ¶32; *State v. Kramer*, 7th Dist. No. 01 CA 107, 2002-Ohio-4176, ¶50.

**{¶11}** This Court, in *State v. Cuthbertson* and many subsequent cases, has adopted a set of factors first cited in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). This non-exclusive list includes the following factors for the trial court to consider when deciding a pre-sentence motion to withdraw a plea: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *Cuthbertson* at 199.

**{¶12}** The state concedes that it did not allege that it would be prejudiced if the plea was withdrawn. Despite Appellant's contention to the contrary, this is not fatal to the state's argument, as no one factor is conclusive. *Id.* at 200; *Fish* at 240. Failure of the state to allege prejudice does not *per se* mandate the trial court to grant the motion. *State v. Leasure*, 7th Dist. No. 01 BA42, 2002-Ohio-5019, ¶19.

**{¶13}** Appellant contends that his counsel was ineffective and unresponsive prior to the change of plea hearing. This is not borne out by the record, which shows that Appellant had two different attorneys working on this case and both were very diligent in filing pretrial motions, asking for discovery, searching for favorable

evidence, and ultimately crafting a plea agreement in which Appellant may only serve 8 years of a possible 20-year prison term. This factor weighs in favor of the state.

**{¶14}** Appellant did not claim that his Crim.R. 11 plea hearing was inadequate.

**{¶15}** Appellant does allege that the hearing on his motion to withdraw the plea was insufficient. Appellant raised his objections at the very last moment before sentencing, and the trial court spent the time it felt was necessary to identify Appellant's concerns and review whether there was any merit to those concerns. A court is not required to postpone sentencing and hold a separate and distinct hearing on an oral motion to withdraw a plea. *State v. Williams*, 7th Dist. No. 11 MA 131, 2012-Ohio-6277, ¶10. Although the court did respond to Appellant's objections, it did not specifically discuss each and every factor listed in *Cuthbertson*.

**{¶16}** It is evident from the record, however, that the court gave full and fair consideration to the motion to withdraw. The court allowed Appellant to speak freely and argue his objections. It was apparent that Appellant had no particular reason why he was alleging he was fearful or in what manner he claimed he was innocent. Appellant alleged that he should be allowed to withdraw his plea because he had not seen the video recording of the attack prior to changing his plea. The court probed this matter, and Appellant's counsel stated that he had discussed the contents of the video at length with his client and explained that it presented a real problem in defending against the charges. (6/27/11 Tr., p. 13.) Counsel also stated that he shared all other discovery with Appellant. No concern about Appellant's failure to actually see the video was raised at the change of plea hearing. Appellant's belated

complaint in this regard appears now to reflect nothing more than Appellant's change of heart after he entered the guilty plea. This factor weighs in favor of the state.

**{¶17}** The timing of the motion was not reasonable, coming just as the court was about to announce the sentence. Generally, the timing of a motion to withdraw a plea presented on the day of sentencing is treated as being unreasonable. *State v. Shelton*, 3d Dist. No. 13-11-07, 2011-Ohio-4893, ¶12; *State v. Calloway*, 7th Dist. No. 10 MA 147, 2011-Ohio-4257, ¶45.

**{¶18}** The reasons for the motion do not weigh in Appellant's favor. Appellant claims he was forced to change his plea out of fear and outside pressure, and that his counsel failed to assist him in any way prior to the change of plea hearing. There is no indication in the record that Appellant was in fear at the time he made his plea, and the record shows that his counsel adequately represented him throughout the proceedings. Since Appellant did not actually establish any valid reasons for the withdrawal, it can be presumed that the motion was made because he changed his mind at the last minute when it became clear that the judge would likely impose the recommended 8-year prison term. Once again, a mere change of heart is not a reason for granting a pre-sentence motion to withdraw a plea. *Kramer*, *supra*, 7th Dist. No. 01 CA 107, 2002-Ohio-4176, at ¶50.

**{¶19}** The record indicates that Appellant understood the charges and the potential sentences. This factor weighs in favor of the state.

**{¶20}** There is no indication that Appellant had any defense to the charges. Despite his assertion of innocence, he actually admitted that he committed the crime. The video recording of the assault leaves little room for doubt that he did what he

was accused of doing. He did not suggest any possible defense at the withdrawal of plea hearing. This factor weighs in favor of the state.

{¶21} Most of the *Cuthbertson* factors weigh in the state's favor. The late timing of the motion and the utter failure to establish any reasonable basis for withdrawing the plea weigh heavily against Appellant's argument. Since the trial court had numerous reasons for denying the motion, no abuse of discretion is indicated by the record and the assignment of error is overruled.

{¶22} In conclusion, the trial court acted within its discretion in denying Appellant's pre-sentence oral motion to withdraw his plea. The motion occurred just a few minutes before the sentence was going to be announced, and the reasons Appellant gave for withdrawing his plea were not supported by the record, by reasonable arguments, or by evidence at the hearing on the motion. The motion appears to be a mere change of heart, and this is not a sufficient reason for granting the motion. The judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.