[Cite as *State v. Harmon*, 2021-Ohio-2013.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CODY W. HARMON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 CO 0006**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2019 CR 465

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in part. Vacated and Remanded in part.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor, *Atty. Ryan P. Weikart*, Assistant Prosecuting Attorney, and *Atty. Christopher R.W. Weeda,* Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio  44432, for Plaintiff-Appellee and

*Atty. John Jurco,* P.O. Box 783, St. Clairsville, Ohio 43950, for Defendant-Appellant.

Dated:  June 11, 2021

D'APOLITO, J.

{¶1}    Appellant, Cody W. Harmon, appeals from the March 20, 2020 judgment of the Columbiana County Court of Common Pleas sentencing him to six months incarceration for failure to provide notice of change of address, an indefinite term of three to four-and-a-half years for burglary, and 180 days for petty theft following a guilty plea.[1]  On appeal, Appellant argues the trial court abused its discretion in denying his pre-sentence oral motion to withdraw his guilty plea and alleges that his consecutive sentence is contrary to law.  For the reasons stated, this court affirms the trial court's judgment denying Appellant's pre-sentence oral motion to withdraw his guilty plea but vacates his sentence and remands this matter for re-sentencing consistent with R.C. 2929.14(C)(4).

## FACTS AND PROCEDURAL HISTORY

{¶2}    On October 18, 2019, the Columbiana County Grand Jury filed a secret indictment against Appellant on three counts:  count one, failure to provide notice of change of address, a felony of the fourth degree, in violation of R.C. 2950.05(F)(1); count two, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1); and count three, petty theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A)(1).  Appellant was appointed counsel and pleaded not guilty at his arraignment.

{¶3}    Thereafter, Appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to all counts as charged in the indictment.  A felony plea agreement was filed on December 19, 2019.  Pursuant to the agreement, Appellee, the State of Ohio, recommended sentencing Appellant to six months on count one, three years on count two, and 180 days on count three, with counts two and three to run concurrent to each other and consecutive to count one.[2]  "Judicial Advice to Defendant" was presented to Appellant and in response Appellant filed a written "Response To Court"

---

[1] A nunc pro tunc judgment entry was issued one week later.  Burglary and petty theft were ordered to be served concurrent to each other and consecutive to failure to provide notice of change of address.
[2] The record reveals, and the parties noted at oral arguments, that this was not an agreed upon sentence.

Case No. 20 CO 0006

relative to the questions propounded. The court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11, ordered a pre-sentence investigation, and deferred sentencing.

{¶4} On the day of his sentencing, March 20, 2020, Appellant sought to withdraw his plea. The trial court considered Appellant's oral motion and denied it. The court sentenced Appellant to six months on count one, an indefinite term of three to four-and-a-half years on count two, and 180 days on count three, with counts two and three to run concurrent to each other and consecutive to count one. The court also notified Appellant that post-release control shall be imposed for a period of three years.[3]

{¶5} Appellant filed a timely appeal and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS.**

Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * * (Internal citations omitted.)

*State v. Muldrow*, 7th Dist. Mahoning Nos. 19 MA 0124 and 19 MA 0125, 2020-Ohio-4815, ¶ 15, quoting *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

When reviewing whether a trial court abused its discretion in denying a pre-sentence motion to withdraw, an appellate court examines the following factors:

(1) whether the state will be prejudiced by withdrawal; (2) the representation

---

[3] The trial court denied Appellant's motion to stay his sentence.

afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*Muldrow, supra,* at ¶ 16, quoting *State v. Jones*, 7th Dist. Columbiana No. 18 CO 0023, 2020-Ohio-3578, ¶ 12, citing *State v. Scott*, 7th Dist. Mahoning No. 08 MA 12, 2008-Ohio-5043, ¶ 13; *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). "No one factor is conclusive for the determination of whether the trial court should have granted the motion to withdraw." *Jones* at ¶ 13, citing *State v. Morris*, 7th Dist. Mahoning No. 13 MA 19, 2014-Ohio-882, ¶ 22; *see also State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980); *State v. Cuthbertson*, 139 Ohio App.3d 895, 746 N.E.2d 197 (7th Dist.2000).

*Whether the State will be prejudiced*

**{¶6}** Appellant claims the State would not have been prejudiced by the plea withdrawal. The record reveals Appellant's oral motion was made at the sentencing hearing, three months after his plea. The victim in this case was Appellant's elderly relative. Thus, it is possible that a senior's memory may fade with the passage of time. *See State v. Kennedy*, 7th Dist. Mahoning No. 07 MA 9, 2008-Ohio-1538, ¶ 24 (the victim's advanced age was a consideration and indicative of prejudice to the State). In addition, due to the familial relationship between Appellant and the victim, it is conceivable that Appellant may have contacted the victim and influenced the victim's decision to not testify. This factor weighs in favor of the State.

*The representation afforded to the defendant by counsel*

**{¶7}** The record establishes that Appellant was represented by competent counsel throughout this case and was satisfied with the representation. At the plea hearing, the trial court twice asked Appellant if he was satisfied with the representation of his counsel. (12/17/2019 Plea Hearing T.p. 9, 18). Appellant responded both times, "Yes." (*Id.*) The court also asked Appellant if his attorney explained all documents with

him and answered all of his questions.  Appellant replied, "Yes."  (*Id.* at 9).  Further, counsel was able to reach an agreement with the State which resulted in a reduced term of incarceration.

{¶8}  Appellant claims he tried to contact his attorney and alleges that the representation he received was somehow lacking because his mother also attempted, but was unable to contact counsel.  At the sentencing hearing, Appellant's attorney acknowledged that his office was previously contacted by Appellant's family member but that no reason for the call was given.  (3/20/2020 Sentencing Hearing T.p. 3).  Counsel indicated that he was not made aware that Appellant wished to withdraw his guilty plea until the morning of sentencing.  (*Id.*)  As a result, Appellant's attorney advocated for his client with an oral motion to the trial court.

{¶9}  Considering the record in its entirety, including the plea hearing, the hearing on the motion to withdraw the guilty plea, and the sentencing hearing, Appellant was represented by competent counsel and suffered no prejudice with respect to his attorney's representation.  This factor weighs in favor of the State.

### The extent of the Crim.R. 11 plea hearing

{¶10}  A review of the plea hearing transcript reveals that the trial court complied with all requirements of a Crim.R. 11 hearing.  (12/17/2019 Plea Hearing T.p. 4-21).  Appellant was advised of all of his constitutional rights he would be giving up by entering a guilty plea and the possible penalties.  (*Id.* at 12-18).  The court also correctly advised Appellant that he faced a mandatory three-year period of post-release control.  (*Id.* at 16-17; 3/20/2020 Sentencing Hearing T.p. 13-14).

{¶11}  At the plea hearing, Appellant admitted that he reviewed the agreement with his attorney and had no questions.  (12/17/2019 Plea Hearing T.p. 8-9).  Appellant fully understood the total minimum and maximum sentences that he faced.  At no point during the plea hearing did Appellant claim he was forced into entering a guilty plea nor did he profess his innocence.  This factor weighs in favor of the State.

### Nature of the charges and possible punishment

{¶12}  At the plea hearing, the trial court explained the nature of the charges and

Case No. 20 CO 0006

the maximum possible penalties to Appellant. (12/17/2019 Plea Hearing T.p. 9-17). Appellant indicated that he understood the nature of the charges and the maximum possible penalties. (*Id.*) This factor weighs in favor of the State.

*The extent of the motion to withdraw hearing*

{¶13} Appellant contends the hearing on the motion to withdraw was "insubstantial." (11/20/2020 Appellant's Brief, p. 27). However, "[a] trial court is not required to postpone sentencing and hold a separate and distinct hearing on an oral motion to withdraw a plea." *State v. Collins*, 7th Dist. Belmont No. 18 BE 0047, 2020-Ohio-3356, ¶ 24, citing *State v. Williams*, 7th Dist. Mahoning No. 11 MA 131, 2012-Ohio-6277, ¶ 10. "Courts have held that if a trial court invites and hears oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before imposing sentence, this can constitute a full and fair hearing on that motion." *Collins* at ¶ 24, citing *State v. Griffin*, 8th Dist. Cuyahoga No. 82832, 2004-Ohio-1246, ¶ 18, citing *State v. Holloman*, 2d Dist. Greene No. 2000CA82, 2001 WL 699533 (June 22, 2001), *State v. Mooty*, 2d Dist. Greene No. 2000CA72, 2001 WL 991976.

{¶14} The record reveals Appellant was given a sufficient hearing on the oral motion to withdraw his plea. Appellant appeared with counsel for sentencing. At the start of the hearing, Appellant's representative made an oral motion to withdraw the guilty plea. (3/20/2020 Sentencing Hearing T.p. 3). The trial judge inquired as to Appellant's reasons for the withdrawal, which appear to be that he was coerced into making the plea, that there is a conflict of interest with the judge, and that witnesses may exonerate him.

{¶15} At the hearing on the motion to withdraw/sentencing, the court heard statements from Appellant, defense counsel, and the State prior to sentencing. (*Id.* at 3-11). Appellant never made a claim of innocence. In fact, Appellant admitted guilt by stating, "I'm guilty of the F4. I wasn't staying at my address." (*Id.* at 6). Appellant further made an admission to his brother regarding the burglary. (*Id.*) Appellant said, "Yes, I admitted to him it wasn't a stranger, it was me that showed up." (*Id.*)

{¶16} In response, the State noted that the victim is Appellant's family member and stressed that Appellant was simply engaging in "gamesmanship." (*Id.* at 5). The trial judge found no basis for withdrawing the plea. (*Id.* at 4, 7). The judge noted the colloquy

between the court and Appellant at the plea hearing and stressed that the plea was knowing, intelligent, and voluntary. (*Id.*).

**{¶17}** Based on the foregoing, Appellant appears to have had a mere change of heart, which is not sufficient to justify permitting him to withdraw his plea. *See State v. Jones*, 7th Dist. Mahoning No. 18 MA 0121, 2020-Ohio-4816, ¶ 15. This factor weighs in favor of the State.

*Whether the trial court gave full and fair consideration to the motion*

**{¶18}** As stated, Appellant was given a sufficient hearing on the oral motion to withdraw his plea. The trial court heard from all parties prior to sentencing Appellant. The court considered Appellant's reasons for withdrawing his plea. The trial judge recalled the plea hearing and was confident as to Appellant's understanding of his guilty plea and that it was made knowingly, intelligently, and voluntarily. (3/20/2020 Sentencing Hearing T.p. 4, 7). Considering the record in its entirety, the court gave full and fair consideration to Appellant's oral plea withdrawal request before denying it and sentencing him. This factor weighs in favor of the State.

*Whether the timing of the motion was reasonable*

**{¶19}** Appellant's guilty plea was filed on December 19, 2019. Appellant's oral request to withdraw his plea was not brought to the trial court's attention until three months later on the day of his sentencing, March 20, 2020.[4] Thus, it is not timely. *See Muldrow, supra,* at ¶ 33 (a motion to withdraw a plea filed on the day before the sentencing hearing and months after the plea was entered is not timely); *State v. Perez*, 7th District Mahoning No. 12 MA 110, 2013-Ohio-3587, ¶ 17 ("Generally, the timing of a motion to withdraw a plea presented on the day of sentencing is treated as being unreasonable.") This factor weighs in favor of the State.

*The reasons for the motion*

---

[4] Again, Appellant claims he subsequently tried to contact his attorney and alleges that the representation he received was somehow lacking because his mother also attempted, but was unable to contact counsel. As indicated, Appellant was represented by competent counsel and suffered no prejudice with respect to his attorney's representation.

Case No. 20 CO 0006

{¶20} As addressed, Appellant was represented by competent counsel throughout this case. He understood the nature of the charges and the maximum penalties. The trial court heard and considered Appellant's allegations that he was somehow coerced into making the plea, that there is some sort of a conflict with the judge, and that he believes that he may be exonerated by family member witnesses. These claims, however, are unsubstantiated by the record. Appellant entered his guilty plea knowingly, intelligently, and voluntarily. There is no established conflict of interest between Appellant and the trial judge. Also, there is no new information that transpired after Appellant entered his plea. Furthermore, there is no evidence that Appellant's due process rights were violated in any manner. This factor weighs in favor of the State.

*Whether the accused was not guilty or had a complete defense to the charge*

{¶21} To overcome a trial court's decision to deny a motion to withdraw a guilty plea, a defendant must factually substantiate his claim of a meritorious defense or innocence. *State v. Williams*, 7th Dist. Mahoning No. 09-MA-74, 2010-Ohio-1292, ¶ 35. Here, Appellant never asserted innocence or a complete defense. Rather, as stated, Appellant admitted, "I'm guilty of the F4. I wasn't staying at my address." (3/20/2020 Sentencing Hearing T.p. 6). Appellant further made an admission to his brother regarding the burglary. (*Id.*) Appellant said, "Yes, I admitted to him it wasn't a stranger, it was me that showed up." (*Id.*) The record reveals the trial court heard and considered Appellant's defense argument. This factor weighs in favor of the State.

{¶22} In reviewing the record as a whole, the nine factors weigh in favor of the State. The record is devoid of any evidence that the trial court abused its discretion in denying Appellant's oral motion to withdraw his guilty plea made on the day of his sentencing.

{¶23} Appellant's first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE PRISON TERMS, SAID SENTENCE BEING CONTRARY TO LAW.**

**{¶24}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2)(a)-(b).

**{¶25}** Regarding consecutive sentences, R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an

indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

*State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0025, 2020-Ohio-633, ¶ 41.

**{¶26}** At the sentencing hearing, the trial court stated the following:

THE COURT: All right, Mr. Harmon, the Court has had the opportunity to review the presentence investigation, had the opportunity - - as your counsel indicated, there is a presumption for prison. And in reviewing the presentence investigation, you had previous - - you had a previous felony record. You were placed on probation. You were unsuccessful on that probation. Also, in municipal court, you were unsuccessful on that probation. You have another offense which occurred during the time within this time frame in which you were indicted on this matter.

The Court has to take into factors both serious and recidivism factors, both 2929.11 and 2929.12.

The victim in the matter, though family member, was elderly.

Taking into consideration the offenses - - the offense of burglary, the seriousness factors in that, the theft offense. The Court has weighed those

factors, the recidivism factors. I already spoke to - - your record speaks for itself.

The Court is going to impose the following sentence.

On Count One, Failure to Provide Notice of Change of Address, a violation of Ohio Revised Code Section 2950.05(F)(1), a felony of the fourth degree, the Court is going to impose a six-month term of incarceration to a state correctional facility[.]

[O]n Count Two, as stated - - and we went over at the time of your plea. That is an indefinite sentencing offense, it qualifies as such. The Court is going to impose a three-year term in a state correctional facility as to the count of Burglary, a violation of Ohio Revised Code Section 2911.12(A)(1), a felony of the second degree, that being an indefinite sentence, will be three years to - - a minimum three years to a maximum four and a half years[.]

[O]n the Petty Theft, the Court will impose a 180-day term of incarceration in a state correctional facility.

Counts Two and Three will run concurrent. Counts One and Two will run - - One will run consecutive to Two and Three.

The Court finds that that is necessary due to the serious nature of the offense as well as the factors that must be considered when imposing a consecutive sentence.

The Court finds that it is necessary to protect the public from future crimes, and the factors under 2929.12 indicate that the recidivism factors are outweighing the applicable factors, indicating the greater likelihood of recidivism.

(3/20/2020 Sentencing Hearing T.p. 11-13)

Case No. 20 CO 0006

**{¶27}** Problematically, the trial court did not find on the record at the sentencing hearing that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" in consecutively sentencing Appellant. *See* R.C. 2929.14(C)(4). The court never even mentioned R.C. 2929.14(C)(4) at the sentencing hearing.

**{¶28}** In its sentencing entries, the trial court stated the following:

The Defendant has been afforded all rights pursuant to Criminal Rule 32. The Court has considered the record, the oral statements of the Defendant, the victim impact statement, if any, and the pre-sentence investigation prepared in this case, as well as all the principles and purposes of sentencing provided for under Ohio Revised Code Section 2929.11, including the seriousness and recidivism factors found in the Ohio Revised Code Section 2929.12.

* * *

These sentences shall be served concurrently as to Counts Two and Three with each other and consecutive to Count One.

The Court finds that concurrent sentences are not disproportionate to the seriousness of the offenses committed.

The Court finds that the sentence is necessary to protect the public, punish the offender and to carry out the purposes and principles of the Ohio Felony Sentencing Law. The Court finds that the sentence is not disproportionate to the type of criminal conduct involved.

(3/20/2020 Judgment Entry, p. 1-2; 3/27/2020 Nunc Pro Tunc Judgment Entry, p. 1-2)

**{¶29}** The sentencing entries are equally as problematic. The entries are unclear regarding consecutive sentences and the court also failed to even mention R.C. 2929.14(C)(4).

**{¶30}** Although a word-for-word recitation of the statutory language is not

required, this court cannot discern that the trial court engaged in the correct analysis. *See Thomas, supra,* at ¶ 41. Appellant's sentence is contrary to law insofar as the trial court erred in not making the findings set forth in R.C. 2929.14(C)(4), which are required for the imposition of consecutive sentences. *See State v. Jones,* 7th Dist. Harrison No. 19 HA 0003, 2020-Ohio-762, ¶ 33 (*Bonnell* mandates fact-finding by the trial court).

{¶31} Therefore, Appellant's sentence is vacated and this matter remanded for resentencing, in order for the trial court to make the required R.C. 2929.14(C)(4) statutory findings at the sentencing hearing and in the sentencing entry pursuant to *Bonnell. Id.* at ¶ 33.

{¶32} Appellant's second assignment of error has merit.

## CONCLUSION

{¶33} For the foregoing reasons, Appellant's first assignment of error is not well-taken. However, Appellant's second assignment of error is well-taken because the trial court did not comply with the statutory requirements for the imposition of a consecutive sentence. Accordingly, the judgment of the Columbiana County Court of Common Pleas denying Appellant's pre-sentence oral motion to withdraw his guilty plea is affirmed but his sentence is vacated and remanded for re-sentencing in order for the trial court to engage in the required statutory analysis consistent with the dictates of R.C. 2929.14(C)(4).

Waite, J., concurs.

Robb, J., concurs.

Case No. 20 CO 0006

---

For the reasons stated in the Opinion rendered herein, the Appellant's pre-sentence oral motion to withdraw his guilty plea is affirmed. His sentence is vacated and this matter is hereby remanded for re-sentencing in accordance to law in the Court of Common Pleas of Columbiana County, Ohio. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**