OPINION
{¶ 1} Andre Terrell appeals from a decision of the Greene County Court of Common Pleas, which overruled his motion to withdraw his pleas of guilty.
 {¶ 2} On July 1, 2004, Terrell was indicted for possession of cocaine and possession of criminal tools, both felonies of the fifth degree. On August 31, 2004, he moved to suppress the drugs, the observations of the police officers, and any statements that he may have made to the police. A hearing on the motion to suppress was scheduled for October 8, 2004. However, on September 21, 2004, Terrell, represented by Mr. Pierson, opted to plead guilty to the possession charges, pursuant to a plea agreement with the state. In exchange for the plea, the state agreed not to oppose a sentence of community control, including participation in the Greene Leaf Program. The court ordered a pre-sentence investigation and scheduled Terrell's sentencing for November 5, 2004. The pre-sentence investigation report recommended a prison sentence.
 {¶ 3} Terrell appeared for his sentencing with Mr. Barbato, a different attorney from the same law firm that had been representing him. At that time, Terrell moved to withdraw his guilty plea. The court proceeded to conduct an evidentiary hearing on the motion, during which Terrell testified as to his conversations with Mr. Pierson, his original attorney, and Mr. Rion, another attorney with the law firm. Terrell also requested that Mr. Pierson be permitted to testify as to their conversations. The trial court overruled that request, and it overruled the motion to withdraw the plea. Terrell made a motion to continue the sentencing, which the court also denied. Terrell was sentenced to eleven months of incarceration for each count, to be served consecutively, for a total sentence of twenty-two months.
 {¶ 4} Terrell filed his notice of appeal on December 6, 2004. We note that, since the filing of his notice of appeal, Terrell has filed a motion for judicial release. That motion remains pending.
 {¶ 5} Terrell raises one assignment of error on appeal.
 {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT REFUSED TO ALLOW APPELLANT TO PRESENT A CRUCIAL WITNESS AT THE HEARING ON THE MOTION TO WITHDRAW THE GUILTY PLEA."
 {¶ 7} Pre-sentence motions to withdraw a plea should be liberally granted. State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715;State v. Uribe (Mar. 5, 1999), Montgomery App. No. 17044. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Xie, supra, at paragraph one of the syllabus. A decision to allow the withdrawal of a guilty plea before sentencing is within the sound discretion of the trial court. Id. at paragraph two of the syllabus; State v. Perdue, Montgomery App. No. 19267, 2003-Ohio-6244, ¶ 17. "[A] trial court will not be found to have abused its discretion in denying a motion to withdraw a plea where (1) the accused is represented by highly competent counsel, (2) the accused received a full hearing pursuant to Crim.R. 11, (3) the accused is given a complete and impartial hearing on the motion to withdraw after it is filed, and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Ramos, Montgomery App. No. 19429, 2003-Ohio-2086, ¶ 8; State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863. "Generally, a defendant is not allowed to withdrawal [sic] a guilty plea prior to sentencing just because he is made aware that a subjectively unexpected sentence is going to be imposed." Uribe,
supra (citations omitted).
 {¶ 8} In his assignment of error, Terrell claims that he did not receive a full and fair hearing on the motion to withdraw his guilty plea and that the trial court did not fully and fairly consider the plea withdrawal request. Specifically, Terrell asserts that the trial court abused its discretion when it refused to allow his original attorney, Mr. Pierson, to testify about their conversations.
 {¶ 9} At the hearing on the motion to withdraw his guilty plea, Terrell testified that, at the time of his plea, he had told his attorney that he wished to go to trial. He stated that Mr. Pierson had promised him that, if he pleaded guilty, he would receive community control and, at worst, participation in the Greene Leaf Program. He also stated that he "had a discussion with John Rion and he said the same thing to that effect." Terrell further testified that he "thought that everything was for sure. * * * I thought the whole purpose of the presentence investigation was just to pretty much decide whether or not they wanted to give me Greene Leaf or just probation." On cross-examination, Terrell said that he "wasn't sure" whether the court had explained during the plea hearing that it was not bound by the prosecutor's recommendations. Terrell testified that he had merely "skimmed" the plea agreement, and that he had initialed and signed the agreement "as my lawyer told me to do." When asked "You wouldn't be asking to withdraw your plea here today if the Judge were going to be giving you that community control, isn't that right?", Terrell did not directly answer the question.
 {¶ 10} The trial court denied Terrell's request to offer the testimony of Mr. Pierson (who was not present at the time) and overruled his motion to withdraw his plea, making the following oral ruling:
 {¶ 11} "The Court is of the opinion that there is really no additional need for testimony, and I will indicate why. Obviously the Court was present during the taking of this plea. The plea form is a matter of the record in this case, which the Court will take judicial notice. It's also quite obvious that the Court is aware of the circumstances surrounding the plea, and I believe it's probably been fairly presented here today as to what occurred.
 {¶ 12} "But I will emphasize, again, for the record that the Court asked the Defendant if there were any promised outcomes that induced his plea. He said no. This again was under oath. I also clearly indicated to the Defendant that the recommendation of the case was just that, a recommendation and the Court was quite capable of imposing any sentence that the law authorized.
 {¶ 13} "We then proceeded to discuss all of the possible sentences the Court could impose in this case, including an indication of what the maximum sentence would be in this case, and the Defendant was also advised that the Court could proceed to sentence and judgment and impose the maximum sentence in this case. He understood that.
 {¶ 14} "The Court is not of the opinion that there is a legitimate reason requesting the plea to be withdrawn. While the Defendant did not answer the question, I think his long pause and inability to respond to why the fact he wanted to withdraw the plea because of the sentence causes this Court to quite clearly believe that the Defendant is requesting this sentence be, or this plea be vacated by virtue of the fact that the Court has received a report that recommends a prison term in this case.
 {¶ 15} "And, as a result of that, the Court is quite aware of the case law in this matter from the Second District as well as the Supreme Court of Ohio which says a change of heart simply because the Defendant does not like the recommended sentence in a case is insufficient cause to withdraw a plea in this case.
 {¶ 16} "And, further, I'm going to state this quite clearly for the record. This Court has had previous discussions with Counsel, Mr. Pierson, regarding his responsibility as Counsel. We specifically discussed the questions of promises and discussions made.
 {¶ 17} "This isn't a situation where the Court has to speculate as to what Mr. Pierson's position is regarding his discussions with a client. I do not doubt at all that in the discussion he was — the Defendant was made aware of the fact that the State had made a recommendation. He was made aware of his opinion regarding that recommendation.
 {¶ 18} "The Court is absolutely of the opinion Mr. Pierson did not make any promises indicating that a specific outcome would occur in this case which also is a function of the fact that the Defendant, in open Court at the plea, specifically indicated that no promises were made as to the outcome of the case and was clearly advised by this Court that the Court could impose any sentence that it would choose to do in this matter consistent with what the Court felt was appropriate and consistent with the authority under the law.
 {¶ 19} "Therefore, the Court finds the motion to withdraw not well taken and is prepared to proceed forward."
 {¶ 20} Terrell asserts that the trial court should have permitted him to offer the testimony of Mr. Pierson during the hearing on his motion to withdraw his plea. The state responds that Terrell was given a full and complete Crim.R. 11 hearing and was represented by highly competent counsel. The state asserts that Terrell "cannot be heard to complain that the trial court did not permit him to call Attorney Pierson", because the court had requested a proffer of Pierson's testimony but Terrell refused to provide one. The state further notes that the court had had "lengthy conversations with Mr. Pierson regarding exactly this situation" and that the court, "no doubt, was aware of the history of the law firm of Rion, Rion, and Rion." In addition, the state asserts that "one cannot fathom that Attorney Pierson would come to court, under oath, and testify that despite the certificate of counsel that he signed in the guilty plea petition, he promised the Defendant that the Defendant would receive community control sanctions."
 {¶ 21} Upon review of the record, it is apparent that the trial court's Crim.R. 11 hearing was full and complete and that Terrell was represented by competent counsel. We disagree with the state, however, that Terrell "cannot complain" that the trial court denied his request to offer the testimony of Mr. Pierson. Although Terrell's counsel was hesitant to "try to testify for Mr. Pierson," he informed the court that Mr. Pierson may be able to add "conversations that Mr. Pierson had and that Mr. Terrell had not represented before this Court and any discussions along those lines." Terrell's attorney further indicated that Pierson may have pertinent testimony to add or to supplement the record as to why the plea should be vacated.
 {¶ 22} The state cites to several cases in which we affirmed the trial court's denial of the motion to withdraw a guilty plea, reasoning that the defendant had merely had a change of heart. See State v. Lambros
(1988), 44 Ohio App.3d 102, 541 N.E.2d 632; State v. Long (May 13, 1993), Montgomery App. No. 13285; Ramos, supra; State v. Simmons (Sept. 1, 2000), Montgomery App. No. 18077; State v. Martin (June 26, 1998), Greene App. No. 97-CA-93; State v. Lucas (June 8, 1994), Montgomery App. No. 14004. In several of these cases, the defendant was represented by Rion, Rion, and Rion, the law firm that represents Terrell, and the defendant had asserted that he or she had pled guilty based on representations by defense counsel.
 {¶ 23} The record supports the trial court's conclusion that Terrell would not have moved to withdraw his plea absent the recommendation in the presentence investigation report that Terrell be sentenced to a prison term. In addition, as noted by the state, we have repeatedly held that a change of heart due to knowledge that an unexpected sentence will be imposed is not a sufficient ground to vacate a plea. E.g., Long,
supra; State v. Burnett, Montgomery App. No. 20496, 2005-Ohio-1036, ¶ 21. However, the pivotal issue here is whether the trial court should have permitted the testimony of Mr. Pierson prior to determining whether Terrell had merely had a change of heart as opposed to having received a promise of community control sanctions.
 {¶ 24} In the present case, Mr. Pierson's version of his conversations with Terrell about the plea were highly relevant to the court's determination of whether any promise had been made by Mr. Pierson to Terrell regarding his sentence. The trial court anticipated Mr. Pierson's testimony and drew conclusions based on its assumptions regarding the substance of his testimony. This was error. Mr. Pierson should have been placed under oath and been permitted to offer his own version of his conversations with Terrell prior to the court's determination that Terrell had merely had a change of heart. See State v. Bush, Montgomery App. No. 19139, 2002-Ohio-4962, at ¶ 17 ("[I]f the trial judge intended to impose a prison sentence, he should have first conducted a hearing to determine whether Bush's counsel had indeed promised him workhouse time. It would not have been unduly burdensome for the trial judge to have put Bush and his counsel under oath, taken their respective versions of their discussions, and decided whether Bush had been promised workhouse time."). In addition, Terrell's statements during the plea hearing that he had not been promised anything in exchange for his plea do not eliminate the possibility that he had made those statements on the advice of his counsel. See Bush, supra, at ¶ 22 (quoting State v. Milanovich
(1975), 42 Ohio St.2d 46, 325 N.E.2d 540) ("The possibility exists that the in-court statements which appear on the record were part of an out-of-court understanding, in furtherance either of a plea bargain or of a plan which petitioner's counsel had promised would result in `shock parole'."). In our judgment, the court should have granted Terrell's request to offer the testimony of Mr. Pierson so that the court could be fully informed about the alleged statements made by Mr. Pierson to Terrell regarding the proposed plea agreement with the state and so that it could fully evaluate those discussions. In short, we are constrained to agree with Terrell that the third and fourth requirements of theRamos analysis, quoted above, were not satisfied.
 {¶ 25} The assignment of error is sustained.
 {¶ 26} The judgment of the trial court will be reversed and this case will be remanded for further proceedings, including the presentation of Mr. Pierson's testimony, consistent with this opinion.
Fain, J., concurs.