[Cite as *State v. Burke*, 2019-Ohio-4744.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case Nos. 19CA1 |
| Plaintiff-Appellee, | : | 19CA2 |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| EMORY S. BURKE, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 11/07/19** |

_____
APPEARANCES:

Matthew F. Loesch, Portsmouth, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and C. Michael Gleichauf, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is a consolidated appeal from two judgment entries of the Lawrence County Common Pleas Court that convicted Appellant Emory Burke of five felonies and three misdemeanors. On November 14, 2018, Appellant entered a guilty plea to all of the counts against him in the two cases, and on December 4, 2018, the trial court sentenced Appellant to a total of two years and eleven months in prison. Just before his sentencing, however, Appellant orally requested that the trial court permit him to withdraw his guilty plea. After a colloquy with Appellant, the trial court

denied the request and went forward with the sentencing.  Appellant's sole assignment of error in this appeal is that the trial court abused its discretion by failing to properly consider and grant Appellant's request to withdraw his guilty plea.

{¶2} As discussed below, the trial court has broad discretion in its determination of whether to grant a presentence motion to withdraw a guilty plea.  As the trial court did not abuse its discretion in this case, we overrule Appellant's assignment of error and affirm the trial court's judgment.

FACTS

{¶3} On October 18, 2018, Appellant was indicted in the Lawrence County Common Pleas Court in case number 18-CR-398 on one count of Forgery, a fifth degree felony, under R.C. 2913.31(A)(3).  On October 23, 2018, Appellant, represented by counsel, pleaded not guilty to the charge and was released on an "own recognizance" bond under R.C. 2937.29.  A pretrial hearing was scheduled for November 14, 2018.

{¶4} Before the pretrial hearing in case number 18-CR-398, a bill of information was agreed to and entered in a separate case, case number 18-CR-491, also in the Lawrence County Common Pleas Court.  The bill of information contained seven counts:  two counts alleging a violation of R.C. 2913.02(A)(1), Theft, a first degree misdemeanor; one count alleging a

violation of R.C. 2913.51, Receiving Stolen Property, a first degree misdemeanor; two counts alleging a violation of R.C. 2913.02(A)(1), Theft, a fifth degree felony; and two counts alleging a violation of R.C. 2921.12(A)(1), Tampering with Evidence, a felony of the third degree.

{¶5} On November 14, 2018, the trial court appointed new counsel for Appellant and held a hearing in both cases.  Relevant to case number 18-CR-491, the trial court conducted a colloquy with Appellant regarding the bill of information and Appellant's executed waiver of indictment.  The trial court accepted the waiver and arraigned Appellant on the bill of information.  The trial court then conducted a Crim.R. 11 hearing, after which Appellant entered guilty pleas in both case number 18-CR-398 and case number 18-CR-491.  The trial court scheduled a sentencing hearing for December 4, 2018.  Appellant remained in custody pending sentencing.

{¶6} On December 4, 2018, Appellant appeared with counsel before the trial court.  Prior to sentencing, however, Appellant's counsel notified the court that Appellant requested permission to address the court directly.  The trial court granted the request.  Appellant then asked if he could have a furlough before being taken into custody so that he could visit his sick mother.  Appellant initially asked for a furlough of only five hours, but later requested up to a few days to be with his family.  The trial court

acknowledged that Appellant was in a "horrible, horrible situation," but explained that it could not delay the disposition of Appellant's cases because of the impact it would have on the court's already overburdened docket.

{¶7} After the trial court made it clear that Appellant was not going to be granted a furlough, Appellant asked if he could withdraw his guilty plea. The trial court questioned whether Appellant had had a "change of heart" and stated, "The only reason you want to withdraw your plea is because I wouldn't let you go to have time with your family.  That's it right?" Appellant answered, "Not really.  I mean, there's other reasons."  The trial court asked Appellant to provide his other reasons.

{¶8} Appellant's first response was that he did not understand "what [he] was getting [himself] into."  The trial court discussed its colloquy with Appellant when he entered his guilty plea, including Appellant's affirmative responses to questions regarding his understanding of the charges against him, the acts in the indictment that he would be admitting upon entry of his plea, and the maximum sentences that he might receive if found guilty at trial.  Appellant responded that he did not understand what he was signing. When pressed regarding the particular documents that he signed—the waiver of his right to trial and his "proceeding on plea of guilty" form, Appellant

changed tack and stated that he wanted to take the case to trial because he had "a better chance at trial."

{¶9} The trial court then asked Appellant what change in circumstances had occurred to justify the withdrawal of his plea. Appellant responded, "I mean, I didn't want to – I was understanding I would get a furlough today with – with three years." The trial court again asked Appellant to identify the change in circumstances that had occurred. Appellant initially said he "didn't understand," but, when asked for specific examples of what he did not understand, he responded that he was "under the influence." The trial court asked how Appellant could have been under the influence when he was in jail leading up to the plea hearing. Appellant said he had "found" marijuana at the jail. After Appellant refused to disclose where he had found marijuana at the jail, the trial court concluded he had not presented grounds for the withdrawal of his guilty plea.

{¶10} The trial court entered prison sentences in the two cases to run concurrently for a total of two years and eleven months, along with restitution for the victims. On December 13, 2018, the trial court entered its final judgment entries in the cases. Appellant timely filed a notice of appeal in both cases on January 14, 2019.

{¶11} As a preliminary matter, Appellee, the State of Ohio, contends that Appellant's notice of appeal was untimely. Under App.R. 4(A)(1), a notice of appeal must be filed within thirty days of the final judgment entry from which the appeal will be taken. In this case, the thirtieth day from the trial court's judgment entries was Saturday, January 12, 2019. Under App. R. 14(A), in computing any period of time allowed under the rules, the "last day of the period so computed shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday." Because the thirty-day period in which Appellant was permitted to file a notice of appeal ended on a Saturday, his deadline was extended to Monday, January 14, 2019. Appellant therefore timely filed his notices of appeal on January 14, 2019.

## ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ABUSED ITS DISCRETION BY
FAILING TO PROPERLY CONSIDER AND GRANT
APPELLANT'S REQUEST TO WITHDRAW HIS
GUILTY PLEA."

## A. LEGAL STANDARD

{¶12} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of

conviction and permit the defendant to withdraw his or her plea." "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Hoke*, 4th Dist. Lawrence No. 10CA32, 2011–Ohio–1221, ¶ 12 (internal quotations omitted), quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, 935 N.E.2d 9, at ¶ 57, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  However, a defendant "does not have an absolute right to withdraw a guilty plea prior to sentencing." *Xie* at paragraph one of the syllabus; *see also State v. Spivey*, 81 Ohio St.3d 405, 415, 161, 1998–Ohio–437, 692 N.E.2d 151.  "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court" and will not be reversed absent an abuse of that discretion. *Xie* at paragraph two of the syllabus.  *See also State v. Brown*, 4th Dist. Ross No. 16CA3544, 2017-Ohio-2647, ¶ 11.  "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34, citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Furthermore, "[w]hen applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181 (1991).

{¶13} When determining whether a trial court abused its discretion by denying a presentence motion to withdraw a plea, we consider the following factors: "'(1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; and (4) whether the trial court gave full and fair consideration to the motion.'" *Hoke* at 13, quoting *State v. Campbell*, 4th Dist. Athens No. 08CA31, 2009–Ohio–4992, at ¶ 7, quoting *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001); *see also State v. Gibbs*, 4th Dist. Ross Nos. 10CA3137 and 10CA3138, 2010–Ohio–2246, at ¶ 9. Other considerations include: "'(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.'" *Campbell* at ¶ 7, quoting *McNeil*, 146 Ohio App.3d at 176. A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea. *Campbell* at ¶ 7; citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist. 1988).

B. ANALYSIS

{¶14} Upon consideration of the above factors, the trial court did not abuse its discretion in denying Appellant's request to withdraw his guilty plea. As to the first factor, Appellant does not claim that his counsel was ineffective. To the contrary, Appellant's counsel negotiated a favorable plea deal that resulted in considerably less prison time than Appellant would have received if the maximum sentences on all counts were imposed after trial. As to the second factor, Appellant received a full Crim.R. 11 hearing before entering his guilty plea.

{¶15} The third and fourth factors ask whether the trial court conducted a full hearing on the withdrawal motion and gave full and fair consideration to the motion, respectively. Appellant did not bring a formal motion, but orally requested to withdraw his guilty plea at his sentencing hearing. Nevertheless, the trial court gave full and fair consideration to Appellant's request. It conducted a colloquy regarding the reasons for the request and continued its inquiry into each of the asserted reasons until it determined there were no grounds for withdrawal. Appellant suggests that the trial court should have held a separate hearing, but that is not required. The trial court gave Appellant the opportunity to argue all of the grounds for

his request at the sentencing hearing. He would not have been afforded anything more at a separate hearing.

{¶16} None of the other relevant considerations support permitting the withdrawal of Appellant's plea. The first such consideration is whether Appellant made his request within a reasonable time. An "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14; citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of the syllabus. Appellant never clearly identified the change in circumstances that prompted him to make his request. The transcript supports a finding that Appellant decided to withdraw his plea because his furlough request was denied, which is not grounds for withdrawal of a plea. If the change in circumstances was that Appellant regained his sobriety after appearing at the plea hearing under the influence, then he waited three weeks to request withdrawal of his plea. While three weeks is not a long period in itself, the timing of Appellant's request still cuts against his credibility. If the withdrawal request were genuine, then, in light of its significance to his case, it should have been the first item that

Appellant raised with the trial court. It was not. Instead, Appellant requested a furlough. Importantly, Appellant clearly expected to be incarcerated at the conclusion of the requested furlough. He stated, "I'm asking you to give me a five-hour furlough today. I will come back before 3:30 and turn myself in today." It may be inferred that Appellant expected to be incarcerated based on upon the trial court's acceptance of his guilty plea, not its withdrawal.

{¶17} Another consideration is whether Appellant provided specific reasons for why he wanted to withdraw his plea. Appellant did so, but the trial court's colloquy showed that the asserted reasons were neither credible nor well-founded. Appellant vacillated among claims that he (1) did not understand the terms of his plea, (2) believed he would fare better at trial, and (3) was under the influence of marijuana when he entered the plea. The hearing transcript gives a strong impression that Appellant was, as the trial court surmised, simply trying to forestall his imprisonment so that he could spend time with his family. The most credible statement by Appellant may have been his immediate response when asked what changed circumstances prompted his request: "I was understanding I would get a furlough today with – with three years." When reviewing a trial court's ruling on a motion to withdraw a plea, "the good faith, credibility and weight of the movant's

assertions in support of the motion are matters to be resolved by that court."

*Smith* at paragraph two of the syllabus. Here, it is evident the trial court did

not find Appellant's reasons for the withdrawal of his plea to be credible.

{¶18} As mentioned, the trial court provided a full Crim.R. 11 hearing

before Appellant entered his guilty plea. At that hearing, Appellant thus

asserted that he understood the nature of the charges against him and the

possible penalties. The trial court reminded Appellant of these assertions

when he later requested withdrawal of his plea. The trial court was well

within its discretion to conclude Appellant was not credible when he claimed

that he did not understand the charges because he was under the influence of

marijuana.

{¶19} The last consideration is whether the accused is perhaps not

guilty or has a complete defense to the charges. Here, Appellant never

claimed to be innocent and his belief that he would fare better at trial was

never supported with a reasoned explanation. Thus, this consideration also

does not support Appellant's request to withdraw his plea.

{¶20} In summary, Appellant has not shown the trial court abused its

discretion in denying his pre-sentencing request to withdraw his guilty plea.

As a result, we overrule Appellant's assignment of error and affirm the

judgment of the trial court.

**JUDGMENT AFFIRMED**.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.: Concur in Judgment and Opinion.

For the Court,


BY: _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**