[Cite as *State v. Collins*, 2020-Ohio-3356.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAWRENCE JEROME COLLINS, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0047**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CR 14

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Flanagan*, Courthouse Annex 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. John Jurco*, P.O. Box 783, St. Clairsville, Ohio 43950, for Defendant-Appellant.

Dated:

June 10, 2020

Donofrio**, J.**

{¶1}     Defendant-appellant, Lawrence Collins, Jr., appeals from a Belmont County Common Pleas Court judgment denying his pre-sentence motion to withdraw his guilty plea to five counts of trafficking in drugs.

{¶2}     Appellant was involved in multiple controlled drug buys from September 2017 through December 2017.

{¶3}     On February 8, 2018, a Belmont County Grand Jury indicted appellant on the following twelve counts:  (1) trafficking in drugs (crack cocaine), a first-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(f); (2) trafficking in drugs (heroin), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(6)(e); (3) trafficking in drugs (crack cocaine), a second-degree felony in violation of 2925.03(A)(1)(C)(1)(d); (4) trafficking in drugs (Percocet), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(d); (5) trafficking in drugs (heroin), a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(6)(e); (6) trafficking in drugs (crack cocaine), a third-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(d); (7) trafficking in drugs (crack cocaine), a first-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(f) with a forfeiture specification; (8) trafficking in drugs (crack cocaine), a first-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(f) with a forfeiture specification; (9) trafficking in drugs (crack cocaine), a first-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(f), with a major drug offender specification and a forfeiture specification; (10) possession of drugs (marijuana), a third-degree felony in violation of R.C. 2925.11(A)(C)(3)(e) with a forfeiture specification; (11) possession of drugs (cocaine), a first-degree felony in violation of R.C. 2925.11(A)(C)(4)(e) with a forfeiture specification; and (12) possession of drugs (heroin), a first-degree felony in violation of R.C. 2925.11(A)(C)(6)(d) with a forfeiture specification.

{¶4}     Appellant initially pleaded not guilty to the charges.

{¶5}     After extensive negotiations, appellant and plaintiff-appellee, the State of Ohio, reached a plea agreement.  Pursuant to the terms of the plea agreement, the state amended counts two, three, six, and nine to fourth-degree felonies.  The forfeiture specification remained with count nine.  Appellant then entered guilty pleas to the

amended charges and to count one, which remained a first-degree felony. The state agreed to dismiss the remaining seven counts. In addition, the state agreed to recommend a 15-year sentence. But if appellant paid back the $11,000 in buy money by the date of sentencing, the state would recommend a 14-year sentence. Either way, ten years of the sentence would be mandatory on the first-degree felony. Appellant agreed to waive his right to appeal the sentence if the court imposed the sentence recommended by the state.

{¶6} The trial court conducted appellant's change of plea hearing on July 3, 2018. It accepted his guilty plea per the terms of the above agreement. It then set appellant's sentencing hearing for July 30, 2018.

{¶7} Appellant failed to appear on time for the July sentencing date. The trial court initially issued a warrant for appellant's arrest. But appellant then appeared, explaining that he was two and a half hours late, because he did not have a ride to court. The court re-scheduled his sentencing hearing for August 3, 2018.

{¶8} At the beginning of the sentencing hearing, appellant's counsel informed the court that appellant wished to withdraw his guilty plea. Counsel told the court appellant's request was against his advice but that he was following appellant's wishes. The court listened to arguments on the motion. It then overruled appellant's motion to withdraw his plea and proceeded with sentencing.

{¶9} The trial court sentenced appellant to ten years on count one and a $20,000 fine, 12 months on count two, 12 months on count three, 18 months on count four, and 18 months on count nine. The court ordered appellant to serve the sentences consecutively for a total prison term of 15 years. This court granted appellant's motion to file a delayed appeal.

{¶10} Appellant now raises a single assignment of error. It states:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS.

{¶11} Appellant argues that the factors set out in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1995), for considering whether a presentence motion to withdraw a guilty plea should be granted weigh in his favor. First, he asserts there was

no allegation that the state would have been prejudiced if the court permitted him to withdraw his plea. Next, appellant claims his trial counsel's representation was lacking because he failed to file a motion to suppress. Appellant next argues that the trial court failed to hold a substantial hearing on his motion to withdraw and failed to consider the *Fish* factors on the record. Appellant goes on to argue that the timing of his motion was reasonable because he made the motion before sentencing. Next, appellant asserts his motion was based on more than a change of heart. He points out that one of the reasons for his motion was the fact that he was unable to re-pay the $11,000 buy money and was therefore subject to the greater sentence under the plea agreement.

{¶12} Crim.R. 32.1, which governs the withdrawal of a guilty plea, provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly strict standard for deciding a post-sentence motion to withdraw a guilty plea but provides no guidelines for deciding a presentence motion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

{¶13} A decision on a presentence plea withdrawal motion is within the trial court's sound discretion. *Id*. at 526. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶14} The Ohio Supreme Court has stated that a presentence motion to withdraw a plea should be "freely and liberally" granted. *Xie,* at 527. But the Court has also recognized that a "defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id*. Therefore, the trial court must conduct a hearing on the motion to decide if there is a reasonable and legitimate basis for it. *Id.*

{¶15} This court has adopted nine factors to weigh in considering a presentence motion to withdraw a plea: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial

court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Thomas*, 7th Dist. Mahoning Nos. 96CA223, 96CA225, 96CA226, 1998 WL 934645 (Dec. 17, 1998), citing *Fish*, 104 Ohio App.3d at 240. Consideration of the factors is a balancing test and no one factor is conclusive. *Id.*

**{¶16}** Thus, we must consider these factors in determining whether the trial court abused its discretion in denying appellant's motion to withdraw his plea.

**{¶17}** As to the first factor, the state asserts only minimal prejudice. It contends it will have to begin new paperwork and attempt to get witnesses to appear for trial. It does not provide any more specific prejudice. Given the lack of specific prejudice, this factor weighs in appellant's favor.

**{¶18}** As to the second factor, appellant alleges his counsel's representation was sub-par because counsel did not file a motion to suppress. Counsel spoke to this at the hearing. He told the court that, in his professional opinion, there was no basis for a motion to suppress. (Sentencing Tr. 13). Counsel noted that the state conducted "comprehensive surveillance," it obtained a search warrant, it executed the warrant, and it seized contraband. (Sentencing Tr. 13-14). Counsel pointed out that appellant did not confess or make any incriminating statements. (Sentencing Tr. 14). And he noted that the state provided the scientific results of the forensic examination of the contraband to him. (Sentencing Tr. 14). Thus, he concluded there was no basis for him to file a motion to suppress. (Sentencing Tr. 14). Had he done so, counsel asserted, the motion would have been frivolous. (Sentencing Tr. 14). Thus, this factor weighs in favor of denying the motion.

**{¶19}** As to the third and fourth factors, the Crim.R. 11 plea hearing was thorough and appellant understood the nature of the charges and potential sentences.

**{¶20}** Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in

violation of due process and is void.  *State v. Martinez*, 7th Dist. Mahoning No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

{¶21}  A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of five federal constitutional rights.  *Martinez*, at ¶ 12.  These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt.  Crim.R. 11(C)(2)(c).  A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Id.*, citing Crim.R. 11(C)(2)(a)(b).

{¶22}  The trial court advised appellant of each of the constitutional rights he was waiving by entering a guilty plea in strict compliance with Crim.R.11(C)(2).  Appellant indicated that he understood he was waiving, and he wished to waive:  the right to a jury trial; the right to have the state prove his guilty beyond a reasonable doubt; the right to confront and cross-examine witnesses against him; the right to compel witnesses to testify; and the right to remain silent at trial.  (Plea Tr. 17-19).  The trial court also advised appellant of his non-constitutional rights in substantial compliance with Crim.R. 11(C)(2). The trial court informed appellant of the nature of the charges against him, the maximum sentence he faced on each of the charges, and that after entering his plea the court could proceed immediately to sentencing.  (Plea Tr. 9-10).  Appellant indicated that he understood each of these items.  (Plea Tr. 9-10).  Thus, the third and fourth factors both weigh in favor of denying the motion.

{¶23}  As to the fifth and sixth factors, considering the extent of the hearing on the motion to withdraw and the trial court's consideration of the motion, the trial court began appellant's scheduled sentencing hearing.  At the beginning of the hearing, appellant's counsel made an oral motion at appellant's request to withdraw his plea.  (Sentencing Tr. 5).  The court subsequently heard arguments regarding the motion from appellant's counsel, the prosecutor, and appellant.

Case No. 18 BE 0047

**{¶24}** A trial court is not required to postpone sentencing and hold a separate and distinct hearing on an oral motion to withdraw a plea. *State v. Williams*, 7th Dist. Mahoning No. 11 MA 131, 2012-Ohio-6277, ¶ 10. Courts have held that if a trial court invites and hears oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before imposing sentence, this can constitute a full and fair hearing on that motion. *State v. Griffin*, 8th Dist. Cuyahoga No. 82832, 2004-Ohio-1246, ¶ 18, citing *State v. Holloman*, 2d Dist. Greene No. 2000CA82, 2001 WL 699533 (June 22, 2001), *State v. Mooty*, 2d Dist. Greene No. 2000CA72, 2001-Ohio-1464.

**{¶25}** Since appellant orally moved to withdraw his plea at the sentencing hearing, the trial court then held an acceptable hearing on the matter. Both appellant and his counsel presented their arguments in favor of granting the motion and the state argued its reasons to deny it. The court was not required to hold a separate hearing on appellant's motion. The hearing was adequate and the trial court gave full and fair consideration to the motion. Therefore, the fifth and sixth factors weigh in favor of denying the motion.

**{¶26}** As to the seventh factor, the timing of the motion was unreasonable. "Generally, the timing of a motion to withdraw a plea presented on the day of sentencing is treated as being unreasonable." *State v. Perez*, 7th Dist. Mahoning No. 12 MA 110, 2013-Ohio-3587, ¶ 17. Appellant entered his plea on July 3, 2018. His sentencing hearing was originally scheduled for July 30, 2018. Appellant did not appear on time for his sentencing hearing. Consequently, the court re-set the sentencing hearing for August 3, 2018. Appellant then moved to withdraw his plea at the re-scheduled sentencing hearing. Appellant had a month in which he could have filed a motion to withdraw his plea. Instead, he waited until the day of sentencing. Thus, the timing of the motion was unreasonable. Hence, the seventh factor weighs in favor of denying the motion.

**{¶27}** As to the eighth and ninth factors, appellant's reason for the motion seems to be that he was unable to pay the state back the buy money and, therefore, the state was going to recommend a 15-year sentence instead of a 14-year sentence. (Sentencing Tr. 9). At no time during the hearing did appellant assert that he was innocent, that he had a complete defense to the charges, or that he did not understand the plea hearing. The fact that appellant could not pay back the buy money per the terms of the agreement

in order for the state to recommend a lesser sentence is not an acceptable basis for withdrawing his plea. Moreover, had he paid the money back, the state would have only recommended a one-year reduction of appellant's sentence. Thus, the eighth and ninth factors weigh in favor of denying the motion.

**{¶28}** In sum, eight out of the nine factors weigh in favor of denying appellant's presentence motion to withdraw his plea. Therefore, we cannot conclude that the trial court abused its discretion in denying the motion.

**{¶29}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶30}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.
Robb, J., concurs.

Case No. 18 BE 0047

[Cite as *State v. Collins*, 2020-Ohio-3356.]

————————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**