[Cite as *State v. Curtis*, 2021-Ohio-1145.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA6 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Melody D. Curtis, | : | |
| Defendant-Appellant. | : | **RELEASED 3/23/2021** |

_____

<u>APPEARANCES</u>:

Timothy Young, Ohio Public Defender, and Victoria Bader, Assistant State Public Defender, Columbus, Ohio, for appellant.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for appellee.

_____

Hess, J.

{¶1}   Melody D. Curtis appeals her conviction for one count of illegal cultivation of marihuana.  In her sole assignment of error, Curtis contends that the Meigs County Common Pleas Court abused its discretion when it denied her presentence motion to withdraw her guilty plea.  Because the trial court's decision was not unreasonable, arbitrary, or unconscionable, we overrule the assignment of error and affirm the trial court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}   In July 2017, the Meigs County grand jury indicted Curtis on one count of illegal cultivation of marihuana in violation of R.C. 2925.04(A) and (C)(5)(c) and one count of possession of marihuana in violation of R.C. 2925.11(A) and (C)(3)(c), both fifth-degree felonies.  Curtis initially pleaded not guilty to the charges, but on December

14, 2017, she pleaded guilty to the illegal cultivation count in exchange for dismissal of the possession count. The state agreed to recommend a sentence of five years of community control and a six-month license suspension. Curtis signed a statement acknowledging that her attorney "advised me of my rights, of the nature of the allegations against me, of the possible penalties, possible defenses which I might have and of the consequences of any admissions or pleas of guilty," that she was "satisfied" with counsel's competence and advice, that she understood "the nature of these charges and the possible defense(s) I might have," that she understood "that the Court and the Court alone does sentencing and that the plea agreement is only a recommendation, and is not binding upon the Court," and that she understood "the Court alone determines the appropriate sentence" and could impose "the maximum sentence(s)." During the plea colloquy, the trial court gave Curtis information about the illegal cultivation charge and possible penalties, and Curtis told the court that she understood the nature of the charge, the possible penalties, the fact that a guilty plea was a complete admission to the allegations, and that the court was not bound by the agreed sentencing recommendation and could impose the maximum sentence prescribed by law. The trial court accepted the plea, found Curtis guilty, ordered a pre-sentence investigation, and set the matter for a sentencing hearing on January 24, 2018.

{¶3} At the January 24th hearing, defense counsel suggested that Curtis had been growing marihuana for personal, medicinal use and had about eight plants. The trial court pointed out that one of the investigating officers had written a statement indicating Curtis had around 50 to 60 plants. Defense counsel claimed about eight

plants were "maturing" and the rest were "like little seedlings." The court pointed out that seedlings grow and said, "It almost sounds like to me that maybe I, you know, I've got some illnesses but maybe I was taking care of illnesses for, you know, three or four hundred * * * other people." However, the court later acknowledged it should look at the pictures of the grow operation. The court also indicated that it wanted clarification regarding a statement an investigating officer made about Curtis pulling out a gun in his presence and about a possible prior arrest of Curtis in Tennessee.

{¶4} The court rescheduled the sentencing hearing for February 21, 2018, and 26 minutes before the hearing, Curtis filed a motion to withdraw her guilty plea pursuant to Crim.R. 32.1. Curtis claimed that she had painful medical problems and that she had "received information from numerous sources that she could find pain relief by natural sources, such as marijuana." She "believed that she would be able to grow her own marijuana for medicinal purposes, and that such marijuana would be considered a minor misdemeanor for legal purposes." She "had no intent to possess or grow more marijuana than could be used for medicinal purposes" and claimed the plants seized by the Rutland Police Department "were mostly baby seedlings that could not be used for any illegal purpose." She also claimed that police seized evidence against her "by duress."

{¶5} The trial court denied the motion and sentenced Curtis. She appealed, and we reversed the trial court's judgment on the basis that it abused its discretion by not holding a mandatory hearing on the motion to withdraw and remanded for the trial court to conduct a hearing that complied with due process standards. *State v. Curtis*, 4th Dist. Meigs No. 18CA12, 2019-Ohio-1108, ¶ 15.

{¶6}    On remand, the trial court conducted a hearing on the motion to withdraw. Curtis testified that she was concerned about statements the trial court made at the January 24, 2018 hearing.  She did not think the court understood that she only had five or six mature plants for personal, medicinal use and that she had 30 or 40 cuttings (which did not contain THC or CBD) to replace the mature plants as they died.  Curtis testified that she "didn't understand that the law read that I could have been charged with a misdemeanor."  Curtis also testified that she "came to realize" that the trial court could impose whatever sentence it wanted and heard that the judge who was presiding over her case at the time she filed the motion to withdraw gave "very severe" sentences and "usually does the maximum penalty."  In addition, Curtis testified that she did not want a felony on her record.  She explained, "I had no idea * * * what a felony can do to you.  * * * I did not understand fully what all of the repercussions of signing that piece of paper were."

{¶7}    The trial court denied the motion to withdraw, stating:

The Court understands that the Defendant, based upon the questions from [the previous trial judge], was having second thoughts about the plea of guilty she made.

    However, this Court finds that there is no legitimate or reasonable basis to set aside the plea of guilty other than the Defendant simply changed her mind or got cold feet after she entered the plea.  A review of the plea indicates no abnormity of lack of knowingly, voluntarily and intelligently entering into the guilty plea.  At the June 12, 2019 hearing Defendant argued that after she entered the plea of guilty, she felt the Judge may have had "a tinge of bias".

Subsequently, the court resentenced Curtis.

## II.  ASSIGNMENT OF ERROR

**{¶8}**  Curtis presents one assignment of error: "The trial court abused its discretion when it denied Melody Curtis' pretrial motion to withdraw her guilty plea."

## III.  LAW AND ANALYSIS

**{¶9}**  In the sole assignment of error, Curtis asserts that the trial court abused its discretion when it denied her motion to withdraw her guilty plea.

**{¶10}** Crim.R. 32.1 states: "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *."  Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted," "a defendant does not have an absolute right to withdraw a plea prior to sentencing."  *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  " 'The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court' and will not be reversed absent an abuse of that discretion."  *State v. McCoy*, 4th Dist. Gallia No. 19CA4, 2020-Ohio-3088, ¶ 12, quoting *Xie* at paragraph two of the syllabus.  An "abuse of discretion" is "an unreasonable, arbitrary, or unconscionable use of discretion" or "a view or action that no conscientious judge could honestly have taken."  *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.

**{¶11}** Nine factors we consider when reviewing a trial court's ruling on a presentence motion to withdraw a guilty plea are:

> (1) whether "highly competent counsel" represented the defendant; (2) whether the trial court afforded the defendant "a full Crim.R. 11 hearing before entering the plea"; (3) whether the trial court held "a full hearing" regarding the defendant's motion to withdraw; (4) "whether the trial court gave full and fair consideration to the motion"; (5) whether the defendant filed the motion within a reasonable time; (6) whether the defendant's motion gave specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges, the possible penalties,

and the consequences of his plea; (8) whether the defendant is "perhaps not guilty or ha[s] a complete defense to the charges"; and (9) whether permitting the defendant to withdraw his plea will prejudice the state.

(Alteration in *Howard*.)  *State v. Howard*, 2017-Ohio-9392, 103 N.E.3d 108, ¶ 24 (4th Dist.), quoting *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.). " ' "Consideration of the factors is a balancing test, and no one factor is conclusive." ' " *Id.*, quoting *State v. Jones*, 10th Dist. Franklin No. 15AP-530, 2016-Ohio-951, ¶ 14, quoting *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 13. " 'The ultimate question is whether there exists a "reasonable and legitimate basis for the withdrawal of the plea." ' " *Id.*, quoting *State v. Delpinal*, 2d Dist. Clark Nos. 2015-CA-97 & 2015-CA-98, 2016-Ohio-5646, ¶ 9, quoting *Xie* at 527.  "A mere change of heart is not a legitimate and reasonable basis for the withdrawal of a plea." *Id.*

{¶12} Curtis implicitly concedes that factors one through four weigh against granting the motion to withdraw, i.e., that she was represented by highly competent counsel, that she had a full Crim.R. 11 hearing, that she had a full hearing on her motion to withdraw, and that the court gave her motion full and fair consideration.  She asserts that only factors five through nine weigh in her favor.

{¶13} The fifth factor (whether the defendant filed the motion within a reasonable time) weighs against granting the motion to withdraw.  "An 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *State v. Burke*, 4th Dist. Lawrence Nos. 19CA1 & 19CA2, 2019-Ohio-4744, ¶ 16, quoting *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14.  Curtis asserts that the impetus for the motion

to withdraw was the trial court's statements at the January 24, 2018 hearing. While the four weeks that elapsed between this event and the filing of the motion is not a long period in itself, the brevity of the motion (the memorandum in support is just over a page long) and its lack of legal complexity (the only legal authority cited is Crim.R. 32.1) indicate it could have been filed more than 26 minutes before the sentencing hearing. *See generally State v. Collins*, 2020-Ohio-3356, 155 N.E.3d 232, ¶ 26 (7th Dist.), quoting *State v. Perez*, 7th Dist. Mahoning No. 12 MA 110, 2013-Ohio-3587, ¶ 17 (" 'Generally, the timing of a motion to withdraw a plea presented on the day of sentencing is treated as being unreasonable' ").

**{¶14}** With regard to the sixth factor (whether the defendant's motion gave specific reasons for the withdrawal), the fact that Curtis provided specific reasons for why she wanted to withdraw her guilty plea weighs in favor of granting the motion to withdraw. However, "[w]hen reviewing a trial court's ruling on a motion to withdraw a plea, 'the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.' " *Burke* at ¶ 17, quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. In this case, as we will discuss under the seventh factor, it is evident that the trial court did not find the specific reasons for withdrawal credible.

**{¶15}** The seventh factor (whether the defendant understood the nature of the charges, the possible penalties, and the consequences of the plea) weighs against granting the motion to withdraw. Curtis maintains that her testimony shows she did not understand the legal basis for the charges or the consequences of a felony conviction. Specifically, Curtis claims her testimony demonstrates that when she pleaded guilty,

she "was not aware that the Revised Code provides an affirmative defense when an individual establishes that the marijuana was for personal use under R.C. 2925.04(F)," that she "did not fully comprehend" that the trial court did not have to follow the agreed sentencing recommendation, and that she "did not realize the consequences of having a felony conviction." However, the trial court rejected these reasons, finding that Curtis "simply changed her mind or got cold feet." This finding is bolstered by Curtis's signed statement acknowledging that her attorney advised her of the nature of the allegations, the possible penalties, the possible defenses, and the consequences of a guilty plea and that she understood the nature of the charges, her possible defenses, and that the court was not bound by the recommended sentence. It is also supported by her statements during the plea colloquy acknowledging that she understood the nature of the charges, the possible penalties, the fact that a guilty plea was a complete admission to the allegations, and the trial court's role in sentencing. In addition, some of Curtis's testimony at the hearing on the motion to withdraw suggests she wanted to withdraw her plea because she feared that the trial court was going to impose a harsher sentence than she anticipated when she entered the guilty plea. " '[A] change of heart due to knowledge that an unexpected sentence will be imposed is not a sufficient ground to vacate a plea.' " *State v. Delaney*, 4th Dist. Jackson No. 19CA9, 2020-Ohio-7036, ¶ 21, quoting *State v. Terrell*, 2d Dist. Greene No. 2004 CA 119, 2005-Ohio-4523, ¶ 23.

{¶16} The eighth factor (whether the defendant is perhaps not guilty or has a complete defense to the charges) is entitled to little weight in favor of granting the motion to withdraw. Curtis perhaps has a personal use affirmative defense to the fifth-degree felony illegal cultivation charge. *See* R.C. 2925.04(F) ("It is an affirmative

defense * * * to a charge under this section for a fifth degree felony violation of illegal cultivation of marihuana that the marihuana that gave rise to the charge is in an amount, is in a form, is prepared, compounded, or mixed with substances that are not controlled substances in a manner, or is possessed or cultivated under any other circumstances that indicate that the marihuana was solely for personal use"). But even if she could sustain "the burden of going forward with evidence of" and establish "by a preponderance of the evidence the affirmative defense," she "may be prosecuted for and may be convicted of or plead guilty to a misdemeanor violation of illegal cultivation of marihuana." *Id.* Moreover, the personal use affirmative defense does not apply to the fifth-degree felony possession charge.

{¶17} The ninth factor (whether permitting the defendant to withdraw the plea will prejudice the state) weighs in favor of granting the motion to withdraw. The state suggests it could have difficulty locating the investigating officers because they are no longer employed by the Village of Rutland. However, the state admits that "the record does not support the claim of prejudice to the State," so "it is understandable if this factor is weighed in favor of [Curtis]."

{¶18} After balancing the above factors, the majority of which weigh against granting the motion to withdraw, we cannot conclude that the trial court's determination that there was no reasonable and legitimate basis for the withdrawal of the guilty plea was unreasonable, arbitrary, or unconscionable. The trial court did not abuse its discretion when it denied the presentence motion to withdraw the guilty plea. Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Abele, J., concurring in judgment and opinion:


{¶19} I concur in both the judgment and the opinion. I write separately to dispel appellant's belief that a reasonable possibility exists that she could have somehow successfully established the R.C. 2925.04(F) personal use affirmative defense for marijuana cultivation, and thereby could have received a misdemeanor conviction rather than a felony conviction.

{¶20} Appellant argues that to alleviate pain from medical issues, she cultivated several mature plants. This number appears to range from six, eight or ten mature plants, along with fifty to sixty "seedlings," or, in other words, future mature plants. The trial court aptly noted that it is difficult to accept appellant's assertion that her crop would be used solely for her personal use. I agree with the trial court's view.

{¶21} I recognize that R.C.2925.04(F), Ohio's personal use affirmative defense, does not specify a certain quantity of cultivated marijuana plants. Nevertheless, the quantity that appellant cultivated exceeds any reasonable possibility for the personal use defense. Also, the personal use defense is limited to the sole personal use of the named defendant, not personal use generally. *State v. Sacks*, 86 Ohio App.3d 29, 619 N.E.2d 1135 (1993).

{¶22} In November 2015, Ohio voters, by a two to one margin, rejected Issue 3, a proposed amendment to the Ohio Constitution to permit the use of recreational marijuana. Ohio and many other states flatly prohibit marijuana cultivation, although some states do offer a personal use defense. Some states permit persons to cultivate a limited number of plants for medical purposes for approved medical patients. However,

even in states that permit the recreational use of marijuana, strict limits are imposed on the number of plants that a landowner may cultivate for personal use (See, e.g., Vermont - two plants; Oregon - four; California and Colorado - six).

**{¶23}** Consequently, I agree with the trial court that the personal use defense would not have application here. I do believe, however, that in the interest of judicial economy, and to eliminate guesswork concerning the actual number of plants permitted under Ohio's personal use defense, the Revised Code should specify the parameters of the personal use defense. Thus, appellant would have had notice of the number of plants that she could maintain for medical issues and then risk the commission of a misdemeanor offense rather than a felony offense.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion with Concurring Opinion.
Wilkin, J.: Concurs in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**